FILED
OCT 21 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 4:20CR668 AGF/JMB |
| v. ) | |
| ) | SUPPRESSED |
| WILLIE GANT, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

On or about May 24, 2020, in the City of St. Louis, within the Eastern District of Missouri,

**WILLIE GANT,**

the Defendant herein, knowingly and intentionally possessed with the intent to deliver cocaine base (crack), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

### COUNT TWO

The Grand Jury further charges that:

On or about May 24, 2020, in the City of St. Louis, within the Eastern District of Missouri,

**WILLIE GANT,**

the Defendant herein, did knowingly and intentionally possess with the intent to deliver a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

The Grand Jury further charges that:

On or about May 24, 2020, in the City of St. Louis, within the Eastern District of Missouri,

**WILLIE GANT,**

the Defendant herein, did knowingly and intentionally possess with the intent to deliver cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR

The Grand Jury further charges that:

On or about May 24, 2020, in the City of St. Louis, within the Eastern District of Missouri,

**WILLIE GANT,**

the Defendant herein, did knowingly and intentionally possess with the intent to deliver marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

The Grand Jury further charges that:

On or about May 24, 2020, in the City of St. Louis, within the Eastern District of Missouri,

**WILLIE GANT,**

the Defendant herein, did knowingly possess a firearm in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States; to wit: possession with intent to deliver cocaine base (crack), a Schedule II controlled substance, as charged in Count One herein, possession with intent to deliver fentanyl, a Schedule II controlled substance, as charged in Count Two herein, possession with intent to deliver cocaine, a Schedule II controlled substance, as charged in Count Three herein, and possession with intent to deliver marijuana, a Schedule I controlled substance, as charged in Count Four herein.

In violation of Title 18, United States Code, Section 924(c)(1).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code, Sections 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841 as set forth in Counts One, Two, Three and Four, the defendant shall forfeit to the United States of America any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to the offense set forth in Counts One, Two, Three, and Four.

3. Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 924(c)(1) as set forth in Count Five, the defendant shall forfeit to the United States of America any firearm or ammunition involved in or used or intended to be used in said violation(s).

4. Specific property subject to forfeiture includes, but is not limited to, the following property seized on or about May 24, 2020:

    a. Approximately $27,311 in United States currency; and

    b. Taurus make, .45 ACP caliber, semi-automatic pistol;

5. If any of the property described above, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
JOHN T. BIRD, #37802(MO)
Assistant United States Attorney